IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,544-02






EX PARTE LEO ALLEN LOVE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-1159295-Y IN THE CRIMINAL DISTRICT COURT NO. 7


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and was sentenced to fifteen years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, (1) that his trial counsel rendered ineffective assistance because
counsel failed to consult with him, failed to investigate his mental capabilities, failed to explain
Applicant's rights or the consequences of his plea, and only sought a plea agreement. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state how often he met with Applicant or consulted with Applicant about
the case. Counsel shall state what kind of investigation, if any, was performed in this case. Counsel
shall state whether he saw evidence that Applicant lacked understanding of the proceedings, or that
he was not competent to enter a plea. Counsel shall state whether he explained the nature and
consequences of the plea to Applicant. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 21, 2013

Do not publish
1. This Court has considered Applicant's other grounds for review, and finds them to be
without merit.